Myron G. KING, Plaintiff–Appellant,

v.

PENSION TRUST FUND OF THE PENSION HOSPITALIZATION AND BENEFIT PLAN OF THE ELECTRICAL INDUSTRY and Joint Industry Board of the Electrical Industry, Defendants–Appellees.

No. 03–9014.

United States Court of Appeals, Second Circuit.

Feb. 22, 2005.

Allan G. King (Jennifer Gillman), Littler Mendelson, PC, Dallas, TX, for Appellant, of counsel.

Jani K. Rachelson (Bruce S. Levine, Elizabeth O'Leary), Cohen, Weiss and Simon LLP, New York, NY, for Appellees, of counsel.

PRESENT: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff Myron G. King appeals from the September 5, 2003, memorandum and order of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*) granting the defendants' motion for summary judgment and denying King's cross-motion for summary judgment. *King v. Pension Trust Fund,* 2003 WL 22071612, 2003 U.S. Dist. LEXIS 15558 (E.D.N.Y. Sept.5, 2003).

On appeal, King argues that the Pension Trust Fund of the Pension, Hospitalization, and Benefit Plan of the Electrical Industry ("the Plan") violates the "anti-cutback" provision in ERISA § 204(g)(1), 29 U.S.C. § 1054(g)(1), which states that "the accrued benefit of a participant under a plan may not be decreased by an amendment of the plan. . . ." King also argues that the Plan is impermissibly "backloaded," violating the 133 1/3 percent rule set forth in ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B). Finally, King argues that the district court erred in ruling that King was not prejudiced by misleading documents provided by the Plan, and therefore was not entitled to relief.

We review grants of summary judgment *de novo,* construing the record in the light most favorable to the nonmoving party. *Church of Am. Knights of the Ku Klux Klan v. Kerik,* 356 F.3d 197, 203 (2d Cir. 2004). Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Blouin ex rel. Estate of Pouliot v. Spitzer,* 356 F.3d 348, 356 (2d Cir.2004)

■ King left covered employment in 1976. Because King did not return to covered employment until 1998, whether or not the "freeze" amendment was enacted by the Plan in 1989 or 1995 is of no consequence. In either case, King's pension was not "cut back" and, therefore, King is not entitled to relief. King's argument on appeal—that because the "freeze" provision cut back the benefits of two non-party participants, the "freeze" provision cannot be applied to King—is unavailing. King has personally suffered no injury, and therefore lacks standing to bring this claim. *See Blum v. Yaretsky,* 457 U.S. 991, 999, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). The district court properly concluded that because King's benefits were not decreased, he is not entitled to relief.

With respect to King's argument that the Plan was impermissibly "backloaded," the district court correctly concluded that King's primary argument—that the "freeze" provision impermissibly backloaded his pension—was foreclosed by this Court's decision in *Langman v. Laub,* 328 F.3d 68, 71–72 (2d Cir.2003), *cert. denied,* 540 U.S. 1107, 124 S.Ct. 1061, 157 L.Ed.2d 893 (2004). While the district court noted that King's second argument—that the "repair" clause also impermissibly backloaded the pension—was not foreclosed by *Langman,* it observed that the argument had a "perverse twist" and concluded that the "repair" provision was permissible under ERISA. *King,* 2003 WL 22071612, at *14–15, 2003 U.S. Dist. LEXIS 15558, at *45–46. Without expressing a view as to the district court's conclusion in this regard, we reject this claim because we conclude that King lacks standing to challenge the "repair" clause, *see Blum,* 457 U.S. at

999, 102 S.Ct. 2777, because he had at the relevant time returned to employment for one year after his break-in-service, and therefore was decades away from being deterred from leaving employment by the incentives created by the "repair" provision. It is the impact of such deterrence that would be the basis for his standing to raise this issue.

■ Finally, King argues that the Joint Board's response to his request for a copy of the 1992 Plan was misleading and a breach of the Board's fiduciary duty to King, because it provided a copy of the 1995 Plan and suggested that the 1995 Plan was in effect in 1992. The district court agreed that the Board's response would have led a lay person to believe that Section 4.07 of the 1995 Plan was enacted in 1989, but concluded that the claim must fail because King had presented no evidence that he relied on the misrepresentation. Despite the alleged misleading assertion that the amendment was adopted in 1989, and King's claim that the "likely effect" of the assertion was that an employee "will acquiesce in accepting less than he is entitled to receive," there was no such effect on King. He did not rely on the statement, and therefore suffered no injury and is not entitled to relief. Thus, the district court did not err in dismissing King's claim.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.